MAGISTRATE JUDGE
O'SULLIVAN

**CIV-GRAHAM**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# 05-22241

FEDERAL TRADE COMMISSION,

    Plaintiff,

vs.

AMERIDEBT, INC., DEBTWORKS, INC.,
and ANDRIS PUKKE,

    Defendants, and

PAMELA PUKKE a/k/a Pamela Shuster,

    Relief Defendant.

_____/

Miscellaneous S.D. Fla Case No._____
(For subpoena issued from this Court)

Related Case No. PJM 03-3317
(In the United States District Court for
the District of Maryland)

FILED by _____ D.C.
2005 AUG 15 PM 1: 57
S.D. OF FLA.

## NON-PARTY JOHN VIPULIS' MOTION FOR PROTECTIVE ORDER, TO TERMINATE OR LIMIT INSPECTION, AND/OR TO QUASH SUBPOENA ISSUED TO RACHLIN COHEN & HOLTZ, LLP; OBJECTIONS TO SUBPOENA; AND SUPPORTING MEMORANDUM OF LAW

Non-Party John Vipulis, by and through his undersigned counsel and pursuant to

Fed.R.Civ.P. 45 (c) and (d), and 26 (c), submits his objections to, and hereby moves this Court for

an Order quashing subpoena and/or protecting Mr. Vipulis from, a subpoena issued to Rachlin

Cohen & Holtz LLP ("Rachlin Cohen"), who are Mr. Vipulis' accountants, in the United States

District Court, Southern District of Florida. As grounds therefore, Mr. Vipulis states:



## INTRODUCTION

This motion seeks an order quashing or otherwise limiting a vastly overreaching and improper subpoena issued by a Receiver appointed at the behest of the Federal Trade Commission ("FTC"). The requested documents belong to an affected non-party, John Vipulis, and are being subpoenaed from yet another non-party, Rachlin Cohen. The subpoena is so broad as to capture documents belonging to a host of still other non-parties, none of whom were given notice of this subpoena. The documents are wholly irrelevant to this proceeding and are subject to numerous privileges. Mr. Vipulis has therefore objected.

The genesis of this subpoena, as will be shown below, is that the Receiver is attempting to locate assets (and information concerning assets) belonging to Defendants Andris Pukke ("Pukke") and Debtworks, Inc. ("Debtworks"). The subpoenaed documents, however, are not documents that relate to those Defendants' assets; rather, *they relate to non-party Mr. Vipulis' assets*. The Receiver has made no showing of relevancy that would justify this wholesale fishing expedition through the tax and accounting records of this non-party and the many other non-parties affected by this subpoena.

## PROCEDURAL HISTORY

On or about November 19, 2003, the FTC filed an action against Ameridebt, Inc. ("Ameridebt"), Debtworks, and Pukke, for, among other things, allegedly engaging in unfair or deceptive acts or practices affecting commerce in violation of Section 5(a) and 13(b) of the Federal Trade Commissions Act ("the FTC Act"), 15 U.S.C. §§ 45(a) and 53(b), and against Ameridebt for failure to provide consumers with disclosures as required by Sections 503 and 505(a)(7) of the

Gramm-Leach-Bliley Act ("GLB Act"), 15 U.S.C. §§ 6803 and 6805(a)(7) ("Complaint").[1]  A copy

of the Complaint is incorporated herein as Exhibit "1" to the Appendix.  The Complaint was filed

in the United States District Court, District of Maryland ("District of Maryland").[2]

Ameridebt is a non-profit organization that provides credit counseling to consumers through

Debtworks, a company in which Pukke was the founder and sole shareholder.  According to the

Complaint, Defendants Ameridebt, Debtworks and Pukke operated as a common enterprise to

deceive consumers into paying for high cost debt management plans.

Mr. Vipulis, however, is not a party to that action.  In fact, he is never even *mentioned* in the

Complaint.  He has no ownership interest in, or any association with, Ameridebt or Debtworks.  He

is not in the credit counseling business.  He is not accused of wrongdoing, and he is not accused of

wasting assets.  Mr. Vipulis neither sat on the board of directors of Ameridebt or Debtworks, nor was

he an officer of either company.  In fact, Mr. Vipulis has very little association with Mr. Pukke.  Mr.

Pukke is a long time personal friend and college roommate of Mr. Vipulis.

In 2002, Mr. Vipulis selected Mr. Pukke to serve as a trustee of two trusts, a family trust and

a charitable trust, and as an officer and director of one entity, which were set up for the benefit of

Mr. Vipulis and his family, not for Mr. Pukke.  Based upon a preliminary review of the requested

records, neither Mr. Pukke, his family, nor any entity in which Mr. Pukke had an ownership interest:

invested in, contributed to or funded said trusts or entities.  Moreover, Mr. Pukke ceased to have any

role as a trustee, officer and/or director of those entities as of September 15, 2003.

---

[1]Copies of pertinent pleadings and orders are contained in Mr. Vipulis' Appendix, filed contemporaneously herewith.

[2]This Court is the proper venue to hear Mr. Vipulis' motion pursuant to Fed. R. Civ. P. 45 (c)(3)(A), as the subpoena in question was issued from this Court.

On April 20, 2005, the District of Maryland entered a preliminary injunction against Pukke and Debtworks on the merits of the FTC's claims and appointed a Receiver to represent the FTC to freeze Mr. Pukke's property and liquidate any wasting assets under Maryland law. A copy of the Preliminary Injunction Order is incorporated herein as Exhibit "2" to the Appendix. The Court filed its opinion in support of the Preliminary Injunction Order on May 6, 2005. A copy of the Opinion is incorporated herein as Exhibit "3" to the Appendix. On July 25, 2005, a Stipulated Final Judgment and Order was entered against Ameridebt, who filed for Chapter 11 Bankruptcy on June 4, 2004. A copy of the Final Judgment is incorporated herein as Exhibit "6" to the Appendix. The District Court of Maryland denied the FTC's motions for summary judgment against Pukke and Debtworks. So far, no final judgment has been entered against Pukke or Debtworks.

The Receiver, from the date of his appointment on April 20, 2005, has conducted an extensive investigation into the Pukke's assets and financial dealings. The results of the Receiver's investigation obtained to date are reflected in the Receiver's Report of Activities filed with the Maryland district court on June 29, 2005 ("Receiver's Initial Report"). A copy of the Receiver's Initial Report is incorporated herein as Exhibit "4" to the Appendix. The Receiver's Initial Report details millions of dollars of transactions by Pukke and entities affiliated with Pukke. Despite this exhaustive and time consuming analysis, Mr. Vipulis is never personally mentioned in that report.[3] Nor were any of the companies listed in the subpoena except for Maple Ventures.[4] Defendant, Pukke

---

[3] Except for the fact that Mr. Vipulis is president of Maple Ventures. See also FN4.

[4] Maple Ventures is mentioned in the Report because Mr. Pukke was a vice-president of that company from 2002 to September 15, 2003 and the Receiver wrongfully froze the assets in that account (without notice, judicial determination or an opportunity to be heard) because of the Maple Ventures' alleged former association with Mr. Pukke. What the Receiver leaves out in his report is that the $1.2 million transfer it references occurred after Mr. Pukke was no longer

filed a Response to the Receiver's Initial Report on July 7, 2005. A copy of the Response is incorporated herein as Exhibit "5" to the Appendix.

After filing his report, the Receiver served the subpoena at issue in this motion upon non-party Rachlin Cohen on or about July 12, 2005, with the date for the production set for July 19, 2005 ("the Subpoena"). The Subpoena was not served by the FTC in its administrative capacity or pursuant to an investigation. Instead, the subpoena was served by Robb Evans, who is a receiver appointed by the Maryland district court to pursue assets at the behest of the FTC.

Non-party Mr. Vipulis was not served with the subpoena nor were any of the affected entities. When Mr. Vipulis became aware of the subpoena, the undersigned counsel reached an agreement with the FTC (documented in correspondence) that Mr. Vipulis would have until August 15, 2005 to object to the subpoena and file any appropriate motion with the Court.[5] Thus, it is not anticipated that the subpoenaing party will challenge this motion on the grounds of timeliness. However, were this to occur, Mr. Vipulis points out that he has never been served with the subpoena in question.

## MOTION AND OBJECTIONS

1.    John Vipulis hereby:

        (a)     moves, pursuant to Federal Rule of Civil Procedure 26(c), for the entry of a

               protective order that the discovery requested in the subpoena attached as

---

associated with Maple Ventures and is an asset of Mr. Vipulis, not Mr. Pukke. There has been no adjudication of this issue; it stands as mere conjecture by the Receiver.

[5] In that letter, which was written before counsel had access to the Rachlin Cohen documents, it was discussed that Mr. Vipulis would produce documents, if any, to which he did not object prior to August 15, 2005. However, the undersigned did not receive or gain access to copies of the Rachlin Cohen documents until August 10, 2005. Moreover, Mr. Vipulis objects to the entirety of the production.

Exhibit "A" not be had; or that certain matters, as set forth below, not be inquired into; or that the scope of the disclosure, as set forth below, be limited to certain matters; or that discovery, if it is to be had, be conducted with no one present except persons designated by the Court (to wit, a magistrate or special master); that any production be subject to a confidentiality order; and/or that confidential commercial information not be revealed;

(b)     moves, pursuant to Federal Rule of Civil Procedure 45(c)(3)(A), that the subpoena attached as Exhibit "A" be quashed to prevent disclosure of privileged and other protected matter and to prevent disclosure of confidential commercial information; and

(c)     objects, pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), to the subpoena attached as Exhibit "A."  Mr. Vipulis' objections are attached hereto as Exhibit "B".

2.     This motion is based upon: the arguments and citations of authority contained herein and incorporated by reference; the objections attached as Exhibit "B" to this motion; the Appendix filed contemporaneous herewith; as well as the pleadings and other filings that are a matter of public record in the underlying action.

WHEREFORE, non-party John Vipulis moves for the entry of an order quashing the subpoena, or, in the alternative, limiting the inspection and entering a protective order.

## MEMORANDUM OF LAW

*I.*    *STANDING*

Federal Rule of Civil Procedure 45(c)(3)(B)(i) authorizes the Court to "protect a person subject to *or affected by* the subpoena" to "quash or modify the subpoena", as well as order production "only upon specified conditions." Id. (emphasis added). "The notes from the Advisory Committee indicate that 'the court protects all persons from undue burden imposed by the use of the subpoena power.' There is little doubt that a court has the power and duty to examine all appropriate issues dealing with **persons affected** by the **subpoena** under this revised rule." See, e.g., Broadcort Capital Corp. v. Flagler Securities, Inc., 149 F.R.D. 626 (D.Colo. 1993)(quoting Fed.R.Civ.P. 45(c)(2)(B), *advisory committee notes*). Mr. Vipulis is a person affected by the subpoena in question because the subpoena relates to financial documents that belong to him and/or concern him (and entities in which he has an interest), to which he asserts, among other objections, a claim of privilege, confidentiality and a right to privacy. Accordingly, Mr. Vipulis has standing to make this motion.

*II.*   *THE SUBPOENA SHOULD BE QUASHED BECAUSE THE RECEIVER IS NOT ENTITLED TO THE DOCUMENTS REQUESTED.*

> *a)*    *The Subpoena Should Be Quashed Because It Is Overbroad And Requires Production Of Documents Which Are Not Relevant To The Underlying Action.*

A subpoena should be quashed when it is burdensome on the subpoenaed party. See e.g., Concord Boat Corp. v. Brunswick Corp, 169 F.R.D. 44, 48 (S.D.N.Y. 1996). Whether a subpoena places an undue burden on a party depends on many factors, such as the relevance of the documents sought, the necessity of the documents sought, the breadth of the request, the particularity with which the documents are described, and the burden in fact imposed. Id. at 49. The ultimate determination of the burden and reasonableness is subject to the discretion of the Court. See U.S. v. Concemi, 957

Page 7 of 20

F. 2d 942, 949 (1ˢᵗ Cir. 1992).

The documents responsive to the Subpoena served upon Rachlin Cohen involve many pages

of personal financial records and tax returns of Mr. Vipulis and entities which he controls that are

irrelevant to the FTC's search for Pukke's assets. Mr. Vipulis selected Mr. Pukke to serve as a

trustee of two trusts, and as an officer and director of one entity, which were set up for the benefit

of Mr. Vipulis' family, not for Mr. Pukke. Based upon a preliminary review of the requested

records, neither Mr. Pukke, his family, nor any entity in which he had an ownership interest:

invested in, contributed to, or funded said trusts or entities. Therefore, the documents sought by the

FTC are irrelevant to the stated purpose in the Preliminary Injunction - to locate the assets of Mr.

Pukke.

The Subpoena served by the Receiver upon Rachlin Cohen should be quashed and/or

terminated because it is overbroad and overreaching, seeking information regarding Mr. Vipulis'

assets, even though Mr. Vipulis is not a party to this action nor has he even been associated with

Ameridebt or Debtworks. Mr. Pukke is a long time personal friend and college roommate, who, in

2002, Mr. Vipulis appointed vice-president and director of Maple Ventures, as general trustee of

Bluefish Investments Charitable Remainder Trust and as trustee of JV Descendants Trust (all of

which benefit Mr. Vipulis and his family, not Mr. Pukke). Mr. Pukke was never associated with

Angelfish Investments, Goldfish Investments and Spruce Investments - entities in which Mr. Vipulis

has a controlling interest. Nor has Mr. Vipulis had any involvement in the P Family Trust of the P

II Family Trust (Rachlin Cohen does not even have any documents related to these Pukke family

trusts).

In fact, Rachlin Cohen does not possess any documents responsive to the subpoena which

reflect the amount, nature or location of assets or things of value belonging to Andris Pukke.[6] Due to the broad scope of the subpoena, a great many confidential and privileged tax and business related documents belonging to Mr. Vipulis are responsive to the subpoena.  The Receiver has made sweeping requests and made no effort to specify the requested documents with particularity. Therefore Mr. Vipulis is entitled to a Protective Order to prevent disclosure of irrelevant and privileged documents.

<div style="margin-left: 2em;">

b)    *The Requested Tax Returns Are Confidential And Subject To A Right To Privacy.*

</div>

Federal  law provides a taxpayer with a right to the privacy of his tax returns. 26 U.S.C. §6103. "[A] public policy against unnecessary public disclosures arises from the need, if the tax returns are to function properly, to encourage taxpayers to file complete and accurate returns." Premium Service Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir.1975)(affirming district court's quashing of subpoena seeking non-party's tax returns in antitrust case)."Congress has guaranteed that federal tax returns will be treated as confidential communications between a taxpayer and the government." Demasi v. Weiss, 669 F.2d 114, 119 (3d Cir. 1982). "Public policy disfavors the disclosure of income tax returns." Id. (quoting Cooper v. Hallgartn & Co., 34 F.R.D. 482, 483 (S.D.N.Y. 1964)). Florida law also confers a right to the privacy of tax returns. See Voytish v. Ozycz, 695 So. 2d 1301 (Fla. 4th DCA 1997)(quashing order for non-party to produce tax returns).

Likewise, federal courts have frequently protected non-parties from over-intrusive subpoenas directed to their confidential financial records. See, e.g.,  Levine v. Fairbanks Capital Corp., 2003

---

[6] This is based on a preliminary but good faith review of the documents, which counsel has only had access to for a short time, as well as general knowledge and investigation of the transactions and entities.  However, as discussed below, Mr. Vipulis is willing to submit the documents for an *in camera* inspection for verification.

WL 2006653 (E.D.La. 2003) (There is "no hint as to why the records of the named non-parties to this litigation are relevant in any way. In addition, even if their relevance could be adequately explained, the court will not require their production unless it is provided with the sworn, written consent of the named non-parties requesting and consenting to the release of records concerning their personal financial dealings."); In Re Vitamins Antitrust Litigation, 267 F. Supp. 2d 738 (S.D. Ohio 2003)(granting non-party's motion to quash subpoena directed to confidential financial documents); Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Inc., 218 F.R.D. 423 (D.Del. 2003)(quashing subpoena directed to non-party financial records); Semtek Intern, Inc. v. Merkuriy Ltd., 1996 WL 238538 (N.D.N.Y. May 1, 1996)(denying motion to enforce subpoena against non-party which sought confidential commercial information); Catskill Dev. , LLC v. Park Place Entertainment Group, 206 F.R.D. 78 (S.D.N.Y. 2002)(quashing subpoena of non-party's banking records, despite contention that such banking information may reveal money used for bride or other impropriety); Perry v. Best Lock, 1999 WL 33494858 (S.D.Ind. Jan. 21, 1999) (quashing subpoenas of records including loss prevention files, compensation records and benefits records as fishing expedition); Greater Rockford Energy & Technology Corp. v. Shell Oil, 138 F.R.D. 530 (C.D.Ill. 1991)(party not permitted to subpoena non-party's confidential business information); Micro Motion, Inc. v. Kane Steel Co., Inc., 894 F.2d 1318 (Fed. 1990)(circuit court reversed district court's denial of motion to quash subpoena of non-party business information); Spar, Inc. v. Dailey, 1988 WL 6741 (N.D.Ill. Jan. 27, 1988)(quashing subpoena of non-party business records); Premium Service Corp. v. Sperry & Hutchinson Co., 511 F.2d 225 (9th Cir. 1975)(circuit court affirmed district court's quashing of subpoena to non-party seeking financial documents and tax returns).

Based on this authority, this Court should quash this Subpoena as it requires Mr. Vipulis to

produce his confidential personal financial records and tax returns which do not reveal the location or amounts of any of Mr. Pukke's assets or any other facts relevant to this litigation.

      *c)      Vipulis Is Entitled To Assert Florida's Accountant-Client Privilege.*

Florida recognizes an accountant/client privilege. Fla. Stat. 473.316 (2002); Choice Restaurant Acquisition Ltd. v. Whitley, Inc., 816 So. 2d 1165 (Fla. 4th DCA 2002).[7] Federal Rule of Evidence 501 provides that any person may assert a state law privilege in any federal civil proceeding "with respect to an element or defense as to which State law supplies the rule of decision ...." Id. Federal courts have construed this rule to permit the assertion of a state law privilege when state law claims or defenses are raised in the underlying litigation. See, e.g., Rhone-Poulenc Rorer, Inc. v. Home Indem. Co., 32 F.3d 851 (3d Cir.1994)(granting writ of mandamus and finding that lower court should have quashed subpoena on accounting firm where state law had an accountant/client privilege); see also Davis v. Leal, 43 F. Supp. 2d 1102, 1107-1108 (E.D.Cal. 1999)(FTIC was not entitled to apply federal law when it was acting as a receiver to collect a debt under state law claims).

This action, though traveling under federal statutes, also presents numerous state law claims and defenses, which, in turn, trigger the application of state law privileges to the requested documents. The FTC's Complaint raises numerous state law claims for relief, including: (1) the equitable relief they are seeking; (2) claims for rescission; (3) claims for reformation; (4) claims for restitution; (5) claims for disgorgement; (6) claims for misrepresentation; (7) claims for accounting; and (8) the interpretation of contracts. Likewise, the defendants raised numerous state law defenses including: (1) failure to mitigate; (2) release, accord and satisfaction; (3) laches; (4) estoppel; (5)

---

[7]      As does Maryland law. Section 9-110 (Md. Code).

waiver; and (6) lack of vicarious liability and common enterprise.[8] Still further, like the federal agency in <u>Davis</u>, *supra*, the FTC is acting as a receiver and state law will come into play during the collection of assets. In fact, in its May 9, 2005 Order, the Maryland court stated that "[f]reezing the assets in this case would do no more than effectuate Maryland law by preserving the Pukkes' gains for eventual return to their victims." (Appendix, Exhibit 3, p. 9). Furthermore, if the Receiver contends that Mr. Vipulis' assets are Mr. Pukke's assets, in whole or in part, state law will govern that contention. Lastly, if any misconduct by Mr. Pukke were to create a liability for Mr. Vipulis, he would have potential state law claims he could make against Mr. Pukke in this action.

Given the plethora of state law issues raised by this action, Mr. Vipulis is legally entitled, under Federal Rule of Evidence 501, to assert a state law claim of accountant/client privilege. Since the vast majority of requested documents seek information that was subject to the accountant/client privilege (and given that the Receiver has made no effort to phrase the requests to exclude such documents), the Subpoena should be quashed.

     d)      *Mr. Vipulis Is Entitled to Assert the Attorney/Client Privilege and Work Product Doctrine.*

Federal Rule of Civil Procedure 45 (c)(3)(A)(iii) permits a Court to quash or modify a subpoena if the subpoena requires disclosure of privileged or other protected matters and no exception or waiver applies. <u>See</u> *e.g.*, <u>In re Grand Jury Proceedings</u>, 624 F.2d 17 (5th Cir. 1980) (overruling the trial court's denial of a party's motion to quash a subpoena *duces tecum* on the basis of attorney client privilege and attorney work product).

---

[8]     The Maryland district court has stricken some of the defendant's affirmative defenses, but as they were state law defenses this would have entailed the application of state law.

The documents in Rachlin Cohen's possession relating to Mr. Vipulis and the entities named in the Subpoena include correspondence between Mr. Vipulis, Rachlin Cohen (as Mr. Vipulis' agent) and Greenberg Traurig, who were Mr. Vipulis' attorneys in the formation of the entities listed in the Subpoena. To the extent that the Subpoena requires the production of these documents, this Court should quash or modify the Subpoena because these privileged documents are subject to attorney client privilege and/or work product privilege. [9]

> e)   *The Subpoena Exceeds the Authority Granted In The Maryland District Court's Order*

The April 20, 2005 Preliminary Injunction Order which appointed the Receiver states that "The Receiver shall ... [u]se *reasonable* efforts to determine the nature, location, and value of all *Receivership* Property." (Appendix, Ex. 2, p.10)(emphasis added). For the reasons stated herein, this unwarranted and intrusive fishing expectation is not reasonable. Moreover, the Receiver is pursuing property that is not "receivership property" - it is Mr. Vipulis' property. The subpoena does not even ask for, or limit its scope to, documents relating to Pukke or Debtworks; instead, it asks for the listed non-parties' records. For these reasons, Mr. Vipulis asks this court to quash the subpoena on the grounds that it beyond what was authorized by the Maryland district court.

> f)   *The Receiver Improperly Seeks To Obtain Documents Belonging To A Litany of Persons And Entities Without Notifying Those Persons and Entities.*

The subpoena lists a large number of persons and entities whose documents the Receiver wishes to examine. The scope of the subpoena potentially captures documents belonging to even more persons and entities. Yet no notice to these individuals and entities has been given, and they

---

[9] Mr. Vipulis is providing a privilege log to the Receiver.

have not had an opportunity to object. This Court should not permit such discovery to be had until each of the persons and entities has been served with a copy of the subpoena and given time to assert any appropriate objections and privileges. Mr. Vipulis is validly concerned about a lack of notice as the Receiver has previously frozen assets without notice, judicial determination or opportunity to be heard.

III.    *THE SUBPOENA SHOULD BE LIMITED, MODIFIED AND/ OR A PROTECTIVE ORDER BE ENTERED*

There is no question that federal courts have the authority to modify subpoenas. See Fed. R. Civ. P. 45; see also  Adair v. Rose Law Firm, 867 F. Supp. 1111, 1119 (D.D.C.1994) ("It is a legitimate exercise of the [federal] court's authority to modify the terms of a subpoena by providing additional confidentiality protections for a person or entity to whom the subpoena is directed ...." (citing United States v. Exxon Corp., 628 F.2d 70, 77 (D.C.Cir.1980)). To succeed on a request for a protective order, a requestor must make a showing of good cause. Equal Employment Opportunity Comm'n v. Nat'l Children's Center, Inc., 98 F.3d 1406, 1411 (D.C.Cir.1996) (citing Seattle Times Co. v. Rhinehart, 467 U.S. 20, 37 (1984)). According to Rule 26(c), [t]he court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden ..., including ... that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way.... Fed.R.Civ.P. 26(c)(7). Rule 26(c), therefore, provides for the issuance of protective orders that restrict the dissemination and use of documents containing confidential information.   Zenith Radio Corp. v. Matsushita Electric Industrial Co., 529 F. Supp. 866, 890-91 (E.D. Pa. 1981). If it is established that confidential information is being sought, then the burden is on the party seeking discovery to

establish that the information is sufficiently relevant and necessary to his case to outweigh the harm disclosure would cause to the person from whom he is seeking information.  <u>Shields Enterprises v. First Chicago Corp.</u>, 1988 WL 142200 * 4 (N.D. Ill.)

In addition, a trial court possesses broad discretion in issuing a protective order and in determining what degree of protection is required.  <u>Purcell v. MWI Corp.</u>,209 F.R.D. 21, 27 (D.D.C.2002) (<u>citing</u> <u>Seattle Times</u>, 467 U.S. at 36). In exercising that discretion, the court must assess factors including the requestor's need for the information from this particular source, the relevance of the information to the litigation at hand, the burden of producing the sought-after material, and the harm which disclosure would cause to the party seeking to protect the information. *Id.* at 27-28.

Applying this test, Mr. Vipulis has met his burden of showing good cause that the documents requested are confidential and privileged, that they are not relevant, that the Receiver has no need for them, that his claim of privilege is well founded, and that he would be burdened and prejudiced by the requested production.   By contrast, the Receiver has made no effort whatsoever to show a need for the documents, or made any attempt to narrow the scope of the subpoena to something reasonable.  Accordingly, the subpoena should be limited and/or modified.

a)    *The Subpoena Should Be Limited To Documents Which Relate To Pukke.*

It is Mr. Vipulis' position that the subpoena should be quashed in its entirety, for the reasons stated *supra*.  However, if this court were to limit the subpoena rather than to quash it, Mr. Vipulis asks that the subpoena be limited in scope to seek only documents which relate to assets (or the location of assets) of Mr. Pukke (which is consistent with the Maryland district court's order). In the alternative, the subpoena could be limited to documents which mention Mr. Pukke.

b)      *This Court Can Order An In Camera Inspection.*

In order to avoid any doubt on the part of the Receiver as to the completeness of the production and the accuracy of the statements made in support of this motion, this Court could order that Rachlin Cohen produce the requested documents to a magistrate judge or discovery master, who could review the documents *in camera* and make a determination as to their relevancy.

c)      *The Court Should Enter A Confidentiality Order.*

In  the event this Court orders a production of any or all of the documents, Mr. Vipulis requests that the Court enter an Order strictly limiting disclosure of the documents to the Receiver only, *to be disclosed to no other person,* and to be used for purposes of this litigation and for no other purpose.

Mr. Vipulis has a well founded concern over the treatment of his tax related records. Previously in this litigation, the Receiver entered into a confidentiality agreement with Mr. Pukke. Not only did the Receiver fail to honor that agreement, but he published Mr. Pukke's personal financial information on an internet website.   Mr. Vipulis is justifiably concerned about confidentiality and therefore seeks the Court's intervention and protection.

## CONCLUSION

"[A] court is not required to permit discovery based merely on the hope on the part of a plaintiff that it might find evidence to support its complaint." Brubaker Amusement Co., Inc. v. U.S., 304 F. 3d 1349 (Fed. Cir. 2002).  Yet that is what the Receiver is attempting to do (only worse since this subpoena is to a non-party) by preparing broad, sweeping discovery with no legitimate reason for doing so, merely in the unwarranted hope that something will turn up.  This Court should

not permit this abuse of the subpoena power. For the reasons and citations of authority cited herein, Mr. Vipulis' Motion for Protective Order, to Terminate or Limit Inspection, and/or to Quash Subpoena Issued to Rachlin Cohen & Holtz, LLP; Objections to Subpoena; and Supporting Memorandum of Law should be granted.

**BERMAN, KEAN & RIGUERA, P.A.**
2101 W. Commercial Blvd.
Suite 2800
Fort Lauderdale, FL 33309
Telephone: (954) 735-0000
Facsimile: (954) 735-3636

By: _____
      Richard E. Berman
      Florida Bar No.: 254908
      Orion G. Callison, III
      Florida Bar No.: 0005223
      Brian J. McCarthy
      Florida Bar No.: 668710

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that they have spoken to counsel for the Permanent Receiver in a good faith effort to resolve by agreement the issues raised herein. The undersigned counsel contacted Lesley Hawes, counsel for the Receiver, on August 12, 2005 and left a voice mail message advising her of Mr. Vipulis' intent to object and make this motion, inviting her to contact the undersigned and discuss the issues further. As of this filing, the undersigned has not heard from Ms. Hawes, but will continue efforts to resolve the issues amicably. At this time, the parties have been unable to agree to a resolution of the instant Objections and Motion.

**BERMAN, KEAN & RIGUERA, P.A.**
2101 W. Commercial Blvd.
Suite 2800
Fort Lauderdale, FL 33309
Telephone: (954) 735-0000
Facsimile: (954) 735-3636


By:_____
        Richard E. Berman
        Florida Bar No.: 254908
        Orion G. Callison, III
        Florida Bar No.: 0005223
        Brian J. McCarthy
        Florida Bar No.: 668710

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via U.S. Regular Mail, this August 15, 2005 to:

Lesley Ann Hawes, Esq.
Frandzel, Robins, et al.
6500 Wilshire Blvd., 17th Floor
Los Angeles, CA 90048-4920

Lee Mandel, Esq.
Rachlin, Cohen & Holtz, LLP
One S.E. 3rd Avenue, 10th Floor
Miami, FL 33131

Lucy Emily Morris
United States Federal Trade Commission
600 Pennsylvania Ave. NW
Room NJ 3158
Washington, DC 20580

Glenn A. Mitchell
Stein Mitchell and Mezines, LLP
1100 Connecticut Ave. NW
Suite 1100
Washington, DC 20036

John Buchanan
Williams Jones Day
51 Louisiana Ave. NW
Washington, DC 20001

Robert M. Adler
O'Connor and Hanna, LLP
1666 K St. NW
Suite 500
Washington, DC 20006-2803

**BERMAN, KEAN & RIGUERA, P.A.**
2101 W. Commercial Blvd.
Suite 2800
Fort Lauderdale, FL 33309
Telephone: (954) 735-0000
Facsimile: (954) 735-3636

By:_____
Richard E. Berman
Florida Bar No.: 254908
Orion G. Callison, III
Florida Bar No.: 0005223
Brian J. McCarthy
Florida Bar No.: 668710

\\Server-01\REBData\Vipulis, John\1339-001\Style\8929.wpd

AO 88 (Rev. 11/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

__SOUTHERN__   DISTRICT OF __FLORIDA__

FEDERAL TRADE COMMISSION,

v.

AMERIDEBT, INC., et al

### SUBPOENA IN A CIVIL CASE

Case Number:[1]  PJM 03-3317
US District Court, District of
Maryland

_MD OFP_
_7/12/05_
_9:55 A.M_

TO:  Custodian of Records - Rachlin Cohen & Holtz, LLP
One S.E. Third Avenue, 10th Floor
Miami, FL 33131

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE EXHIBIT 1 ATTACHED HERETO AND INCORPORATED HEREIN BY REFERENCE.

| PLACE<br>Joey E. Schlosberg, Esq., SHUTTS & BOWEN LLP<br>201 S. Biscayne Boulevard, Suite 1500<br>__Miami, FL 33131__ | DATE AND TIME<br>July 19, 2005<br>10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>_Lesley Anne Hawes_<br>LESLEY ANNE HAWES, Attorney for Receiver ROBB EVANS<br>& ASSOCIATES LLC | DATE<br><br>July 6, 2005 |
|---|---|

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
FRANDZEL ROBINS BLOOM & CSATO, L.C., 6500 Wilshire Blvd., 17th Floor, Los Angeles, CA 90048-4920; telephone: (323) 852-1000; fax: (323) 651-2577

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state

AO-88



EXHIBIT
"A"

AO 88 (Rev. 11/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to

the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT 1 TO SUBPOENA FOR PRODUCTION OF DOCUMENTS

### DEFINITIONS

As used in this Subpoena the words and phrases below shall have the following meanings:

1. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule Civil Procedure 34(a), including, but not limited to, all electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

2. "Concerning" means referring to, relating to, describing, evidencing, itemizing, or constituting.

3. "Any" means any and all.

4. The term "Vipulis", unless otherwise specified, refers to John Vipulis.

5. The term "you " or "your" shall refer to Rachlin Cohen & Holtz LLP and shall include its officers and agents.

### DIRECTIONS

1. Business records:  To the extent that documents you produce in response to this subpoena are records of regularly conducted business activities as described in Fed. R. Evid. 803(6), include a certification consistent with Fed. R. Evid. 902(11) for those documents.

2. Scope of Search:  Documents covered by this subpoena are those in your possession or under the actual or constructive custody or control, including but not limited to documents in the possession, custody, or control of your attorneys, accountants, directors, officers, and employees, whether or not such documents were received from or disseminated to any person or entity.

3. Document Identification:  Documents that may be responsive to more than one request of this subpoena need not be submitted more than once; however, your response should indicate, for each document submitted, each request to which the document is responsive.

4. Submission of Magnetically-recorded information:  Magnetic media shall be submitted in the following forms and formats:

    a. Magnetic storage media. The Permanent Receiver will accept:  (1) 9 track computer tapes recorded in ASCII or EBCDIC format at either 1600 or 6250 BPI; (2) 3.5 inch microcomputer floppy diskettes, high density, double sided, formatted for IBM compatible computers (1.44 MB capacity); (3) Iomega ZIP disks

formatted for IBM compatible PCs (100 or 250 MB capacity); (4) CD R74 CD ROM readable disks formatted to ISO 9660 specifications (650 MB capacity); (5) Iomega DITTO mini data cartridges (2000 MB capacity). The Permanent Receiver will accept 4mm & 8mm DAT and other cassette, mini-cartridge, cartridge, and DAT/helical scan tapes by pre-authorization only. In all events, files provided on 4mm DAT cassettes must not be compressed or otherwise altered by proprietary backup programs. Where data is to be transferred from a UNIX system the Permanent Receiver will accept data provided on 8mm DAT created using TAR, CPIO, or DD.

b.   File and record structures.

(1)   Magnetically recorded information from centralized non microcomputer based systems:

(i)   File structures. The Permanent Receiver will accept sequential files only. All other file structures must be converted into sequential format.

(ii)   Record structures. The Permanent Receiver will accept fixed length records only. All data in the record is to be provided as it would appear in printed format: i.e., numbers unpacked, decimal points and signs printed.

(2)   Magnetically recorded information from microcomputers. Microcomputer based data: word processing documents should be in DOS-text (ASCII), WordPerfect 8 or prior version, or Microsoft Word 2000 or prior version format. Spreadsheets should be in Microsoft Excel 2000 (.xls) or prior version, or Lotus compatible (.wk1) format. Database files should be in Microsoft Access 2000 (.mdb) or earlier version, or dBase compatible (.dbf), version 4 or prior, format. Database or spreadsheet files also may be submitted after conversion to ASCII delimited, comma separated or fixed length field format, with field names as the first record. Graphic images must be in TIFF 4 format, compressed and unencrypted. Other proprietary software formats for word processing documents, spreadsheets, databases, graphics and other data files will be accepted by pre authorization only. For microcomputer files that are too large for one disk, files may be provided in a compressed WINZIP® format.

c.   Documentation.

(1)   Data must be accompanied by the following information: (a) full pathname of the file and (b) the identity of the media on which on which it resides, e.g. the identity of the cd, zip disk or floppy that holds the file. In the case of complex files or directories of files, all component files that are part of a given directory must be specified with their full pathnames.

Where necessary, the subdirectories that must be created in order to successfully read these submitted files must be provided.

(2)     Files provided on tape must be accompanied by the following information: (a) filename; (b) the identity of the tape on which the file resides; (c) the position of the file on the tape. For sequential files, the documentation also must include (a) the number of records contained in the file; (b) the record length and block size; and (c)the record layout, including (i) the name of each element, (ii) the element's size in bytes, and (iii) the element's data type. The documentation should be included in the same package as the tape, along with a printout of the first 100 records in report format.

d.     Shipping.   Magnetic media should be carefully packed to avoid damage, and must be shipped clearly marked:  MAGNETIC MEDIA DO NOT X-RAY.

## DOCUMENTS REQUESTED

1.     All Documents concerning any financial transactions of and/or the financial condition of any of the following listed persons and entities, which Documents shall include without limitation financial statements, audits, financial records, tax returns, ledgers, income and expense statements, balance sheets, checks, cancelled checks, bank statements, drafts, receipts, deposit records, wire transfer instructions, contracts, agreements, correspondence, notes, and memoranda:

a.     Vipulis

b.     JV Descendants Trust

c.     Bluefish Investments LP

d.     Bluefish Investments , Inc.

e.     Angelfish Investments LP

f.     Angelfish Investments, Inc.

g.     Goldfish Investments LP

h.     Goldfish Investments, Inc.

i.     Spruce Investments LP

j.     Spruce Investments, Inc.

k.     Cedar Investments LP, dba Maple Ventures International Corp.

l.     Cedar Investments, Inc.

3

     m.     The P Family Trust

     n.     The P II Family Trust

2.     All Documents comprising, reflecting and/or constituting communications between you and any of the following persons and entities:

     a.     Vipulis

     b.     JV Descendants Trust

     c.     Bluefish Investments LP

     d.     Bluefish Investments , Inc.

     e.     Angelfish Investments LP

     f.     Angelfish Investments, Inc.

     g.     Goldfish Investments LP

     h.     Goldfish Investments, Inc.

     i.     Spruce Investments LP

     j.     Spruce Investments, Inc.

     k.     Cedar Investments LP, dba Maple Ventures International Corp.

     l.     Cedar Investments, Inc.

     m.     The P Family Trust

     n.     The P II Family Trust

## OBJECTIONS TO SUBPOENA

### Request #1

1.   All Documents concerning any financial transactions of and/or the financial condition of any
     of the following listed persons and entities, which Documents shall include without
     limitation financial statements, audits, financial records, tax returns, ledgers, income and
     expense statements, balance sheets, checks, cancelled checks, bank statements, drafts,
     receipts, deposit records, wire transfer instructions, contracts, agreements, correspondence,
     notes, and memoranda.

     a.   Vipulis

     b.   JV Descendants Trust

     c.   Bluefish Investments LP

     d.   Bluefish Investments, Inc.

     e.   Angelfish Investments LP

     f.   Angelfish Investments, Inc.

     g.   Goldfish Investments LP

     h.   Goldfish Investments, Inc.

     i.   Spruce Investments LP

     j.   Spruce Investments, Inc.

     k.   Cedar Investments LP, dba Maple Ventures International Corp.

     l.   Cedar Investments, Inc.

     m.   The P Family Trust

     n.   The P II Family Trust

### Response

Third party John Vipulis hereby objects to this request on the grounds that (1) it is vague, overly
broad and unduly burdensome; (2) the requested documents are neither relevant nor reasonably
calculated to lead to the discovery of admissible evidence; (3) the requesting party failed to give
notice of the subpoena to all affected parties, including, but not limited to, Mr. Vipulis; (4) the FTC



EXHIBIT
"B"

has exceeded its authority under applicable court orders in this litigation in seeking these documents; (5) the documents are confidential, proprietary and subject to a right of privacy; (6) the documents are protected by an accountant/client privilege; (7) the requested tax returns are protected from disclosure by federal statute; (8) some of the requested documents are subject to an attorney/client privilege and/or the work product doctrine; and (9) the request of these documents is violative of Mr. Vipulis' rights under the United States Constitution.

**Request #2**

2.      All Documents comprising, reflecting and/or constituting communications between you and any of the following persons and entities:

      a.      Vipulis

      b.      JV Descendants Trust

      c.      Bluefish Investments LP

      d.      Bluefish Investments, Inc.

      e.      Angelfish Investments LP

      f.      Angelfish Investments, Inc.

      g.      Goldfish Investments LP

      h.      Goldfish Investments, Inc.

      i.      Spruce Investments LP

      j.      Spruce Investments, Inc.

      k.      Cedar Investments LP, dba Maple Ventures International Corp.

      l.      Cedar Investments, Inc.

      m.      The P Family Trust

      n.      The P II Family Trust

**Response**

Third party John Vipulis hereby objects to this request on the grounds that (1) it is vague, overly

2

broad and unduly burdensome; (2) the requested documents are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (3) the requesting party failed to give notice of the subpoena to all affected parties, including, but not limited to, Mr. Vipulis; (4) the FTC has exceeded its authority under applicable court orders in this litigation in seeking these documents; (5) the documents are confidential, proprietary and subject to a right of privacy; (6) the documents are protected by an accountant/client privilege; (7) the requested tax returns are protected from disclosure by federal statute; (8) some of the requested documents are subject to an attorney/client privilege and/or the work product doctrine; and (9) the request of these documents  is violative of Mr. Vipulis' rights under the United States Constitution.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

FTC

CIV GRAHAM

**DEFENDANTS**

Ameridebt, Debtworks & Andris Pukke

**(b)** County of Residence of First Listed Plaintiff   D.C.
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Maryland
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Lucy Morris, Esq.
FTC
600 Pennsylvania Ave N.W.
Washington, DC 20580

MAGISTRATE JUDGE
O'SULLIVAN

Attorneys (If Known)

05-22241

**(d)** Check County Where Action Arose:  ☑ DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☑ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

1:05 CV 22241 Graham - O'Sullivan

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☑ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | 26 USC 7609 | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Motion to quash subpeona issued in S.D. Fla pursuant to Fed. R. 45

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):  JUDGE  Peter J Messitte   Maryland District Court  DOCKET NUMBER  PJM 03-3317

DATE  8/15/05

SIGNATURE OF ATTORNEY OF RECORD   Orion G. Callison, III

FOR OFFICE USE ONLY
RECEIPT # 535007   AMOUNT 39.00   APPLYING IFP